IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>**TAJAHNE JOHNSON,**<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CR No. 25-CR-00116 DHU |

**UNITED STATES' SENTENCING MEMORANDUM**

PROCEDURAL HISTORY

On March 6, 2026, Defendant pled guilty to an Information charging her with violation of 18 U.S.C. §§ 4, 2423(a), and 2423(f), misprision of a felony, to wit: transportation with intent to engage in criminal sexual activity. Doc. 64. The parties agreed that the Court should impose the statutory maximum for that offense, three years incarceration. *Id.* The plea agreement was the product of extensive pre-indictment negotiation, given the complex role Defendant played in the charged offenses, at some point both an offender and victim. A determination of what level of responsibility Defendant held in the charged offenses was also complicated by a statute passed while the case was pending, the Trafficking Survivors Relief Act, which inserted the possibility of a duress claim based on Norseweather's trafficking of Defendant. 18 U.S.C. § 28(b).

A Presentence Investigation Report ("PSR") was prepared and disclosed on August 24, 2026. Doc. 92. The guideline sentence calculated in the PSR is 27-33 months. PSR ¶ 87. After

consideration of the factors in 18 U.S.C. 3553(a), the PSR author determined that a sentence as agreed upon by the parties appears warranted in this case. PSR ¶ 102.

The United States has no objections to the presentence report in this matter and agrees that the facts, as outlined in the PSR under the Offense Conduct, adequately describe the nature of this offense. PSR ¶¶ 9-34. Additionally, the government concurs that the PSR correctly calculated the applicable guideline. PSR ¶ 87.

Defendant filed a Sentencing Memorandum in support of the c1C plea agreement. Doc. 94. For the reasons stated herein, the United States requests the Court accept the plea agreement and impose the agreed upon term of 36 months, followed by a year of supervised release.

## ARGUMENT

The Court should apply *United States v Booker*, 543 U.S. 220 (2005), and *Rita v. United States*, 127 S.Ct. 2456 (2007)*,* to arrive at a reasonable sentence for the defendant. In doing so, the Court must consider the sentencing factors set forth in 18 U.S.C. § 3553(A). These factors support the Government's request.

1. The Nature and Circumstances of the Offense

The nature and circumstances of the offense, as accurately relayed in the PSR, support the proposed sentence. An upward variance, from the guideline range of the offense of conviction to the statutory maximum, is warranted based on Defendant's role in facilitating and concealing Norseweather's ongoing trafficking of two minors.

2. History and Characteristics of the Defendant

The history and characteristics of Defendant also support the proposed sentence. Defendant has only one criminal conviction to speak of, which did not count for criminal history points. PSR ¶ 61. Her pending and dismissed charges appear consistent with her long-term involvement with Norseweather and do not counsel for a different sentence than the one agreed to by the parties. PSR ¶¶ 64-69.

The United States has no basis to challenge Defendant's personal history, as represented so thoroughly in the PSR and in Defendant's Sentencing Memorandum. PSR ¶¶ 71-85 and Doc. 94. Mitigating factors include Defendant's unstable and abusive childhood, limited education, and her involvement with Norseweather. *Id.* In total, Defendant's history and characteristics support the agreed upon sentence.

3. The Need for the Sentence Imposed to Promote Respect for the Law, Provide Just Punishment, Adequate Deterrence and to Protect the Public from Further Crimes of the Defendant

The proposed sentence provides respect for the law, just punishment, adequate deterrence, and sufficiently protects the public from future crimes of the Defendant. It takes into consideration her role in the offense and evolving statutory considerations applicable to trafficking victims, while balancing the need to hold Defendant responsible for her role in such heinous crimes.

CONCLUSION

WHEREFORE, the United States respectfully requests that this Court accept the agreement of the parties and sentence the defendant to the agreed-upon term of 36 months.

Respectfully submitted,

TODD BLANCHE
Attorney General
RYAN ELLSON
First Assistant United States Attorney

***Filed Electronically August 28, 2026***
TIMOTHY TREMBLEY
PATRICK E. CORDOVA
Assistant U.S. Attorneys
201 Third St. NW, Suite 900
Albuquerque, NM 87102
(505) 346-7274

I hereby certify that on August 28, 2026
I filed the foregoing electronically through
the CM/ECF system, which caused Counsel
for the Defendant to be served by electronic
means, as more fully reflected on the Notice
of Electronic Filing.

/s/______________________
TIMOTHY TREMBLEY